By the Court.*
Reyholds, J.
We think there-was sufficient evidence of the adoption by the company of the contract originally made by Lamont, in anticipation ot its formation, and that the plaintiff’s assignors were in the employ of the company during the quarter for which a recovery was had. It seems to us that upon the merits the case was properly disposed of by the court and jury.
*95 The more serious question is whether this court has. acquired jurisdiction of the action.
The action was commenced under the statute of 1871. So far as that statute undertook to confer jurisdiction upon the court by reason of the residence of the plaintiff, it was unconstitutional. Whether the residence of one or several defendants jointly liable (as in this case) may not be made the ground of jurisdiction, has not, so far as we are advised, been yet decided by the court of last resort, and we do not clearly perceive how such legislation is obnoxious to the condemnation passed upon the act of 1873, by that court.
At the time of the adoption of the present judiciary article of the constitution, the superior court and court of common pleas, in New York city, had jurisdiction in actions, “where one or more of several defendants jointly liable on contract reside, or are personally served with the summons” in said city (Qode, § 33.)
That jurisdiction was “continued” by the judiciary article, showing that it was not intended, in the adoption of that part of the constitution, to make the courts of this class so strictly local, that they could not in any case send their process outside of their respective cities, and bring non-residents within their jurisdiction.
It would seem then, not to be a. violation of the con stitution, to confer jurisdiction upon this court where any of the defendants jointly liable should reside in this city, and this at least was done by the act of 1871.
The evidence, however, to show the residence of Wal bridge, in Brooklyn, is quite meager, but even if it should be held insufficient, we still think the court acquired jurisdiction by consent. '
The defendant Walbridge answered, without raising the question of jurisdiction ; and the other defendants appeared generally in the action, previous to the time of answering. We think this was a waiver of the objection. It is now provided by the Code (section 139) *96 that “ a voluntary appearance of a defendant is equivalent to personal service upon Mm,” by which we understand that it is equivalent to legal effectual service. A voluntary general appearance with full knowledge of all the facts relating to the jurisdiction of the court, is a submission of the person to that jurisdiction, and is effectual, where the court has jurisdiction óf the subject-matter. In this case all that was necessary to give the court jurisdiction of the cause was residence of the defendants, or service of process within the city. Such service was dispensed with by its equivalent, a voluntary appearance.
It is true that Judge Allen says, in Landers v. Staten Island R. R. Co. (53 N. Y., 460), “the objection to the jurisdiction was not waived by an appearance in the action, and an answer therein setting up the objection,” but this, of course, had reference to the facts of that case. The summons therein was served without any complaint, and there was no appearance beyond a notice of retainer and demand of copy of complaint. The defendant could not legally know but the action was one of which the court had undisputed jurisdiction. When the complaint was served notifying the defendant of the nature of the action, and showing that the court had not jurisdiction, the defendant answered, setting up that under such circumstances, such a notice and demand could not be held to be a waiver. In the case now before us, the summons and complaint were annexed ; and with the whole case before them the defendants gave a general notice of appearance in the action before answering.
It may be that the court of appeals will hold that we have no jurisdiction upon these facts; but we prefer to await that decision rather than go beyond what it has already held in disclaiming a jurisdiction which the legislature has attempted to confer upon us.
The judgment is affirmed, with costs.

 Present, McOtjb and Reynolds, JJ.